IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATITUS ROMALE MENYWEATHER,<br><br>            Plaintiff,<br><br>  vs.<br><br>DEPT. OF CORRECTIONAL SERV., SCOTT FRAKES, Director; RANDY T. KOHL, medical director; DR. KATHLEEN OGDEN, O.C.C. Health Coordinator; PEGGY ANTLEY, P.A.C. O.C.C. Physician Assistant; MARGARET ANTLEY, P.A.; BARB LEWIEN, d.c.c. Warden; DR. NATAILIE BAKER, mental health director; DR. DAVID SHRAD, O.C.C. Dentist; DR. ODGEN, T.S. C.I. Dentist; and DR. SAXION, L.C.C. Dentist;<br><br>            Defendants. | 4:17CV3041<br><br>MEMORANDUM AND ORDER |

      Plaintiff filed a Complaint on March 27, 2017. (Filing Nos. 1, 2.) Liberally construed, Plaintiff brings this action under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights. He contends Defendants provided him inadequate dental care and failed to properly treat and will not now treat an infection in his mouth that affects other parts of his body (i.e. eyes, ears, throat) because they erroneously believe that he is delusional about the infection. (*Id*.) On June 29, 2017, the court ordered Plaintiff to file an amended complaint that states a claim upon which relief may be granted. (Filing No. 15.) Specifically, the court informed Plaintiff:

> Plaintiff has been seen and treated by at least 9 doctors, albeit medical, dental, or mental health providers, between December of 2015 and February of 2017. He has been treated with multiple rounds of antibiotics and x-rayed several times during that same period. A biopsy was taken of his mouth and his saliva tested. Plaintiff is not being treated further for any infection because, after a battery of surgeries, antibiotics, and tests, Plaintiff has been found to be delusional about any infection. Assuming that Plaintiff is correct, which the court must do at this stage of the pleadings, that he is not delusional and the infection originating in his mouth remains, his allegations sound in negligence and disagreement with diagnosis, not deliberate indifference. Plaintiff appears to concur as he admits in his Complaint that "he was provided with dental, but not proper dental . . . ." ([Filing No. 1 at CM/ECF p. 20](#).) While Plaintiff's allegations against Defendants may be enough to state a plausible claim for negligence or medical malpractice, they are not enough to state a plausible claim for deliberate indifference in violation of the Eighth Amendment. *See [Estelle v. Gamble](#)*, 429 U.S. 97, 106 (1976) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation); *[Bender v. Regier](#)*, 385 F.3d 1133, 1137 (8th Cir. 2004) (stating that "an inmate's mere disagreement with the course of his medical treatment fails to state a claim of deliberate indifference"). He must raise those claims in the proper state forum along with any additional state law claims arising out of the circumstances.

*Id.*

On September 5, 2017, Plaintiff filed an Amended Complaint. ([Filing No. 18](#).) In his Amended Complaint, Plaintiff primarily repeats part of the court's "Summary of Complaint and Supplement" from its previous order and then specifies the amount of damages he seeks from each Defendant. Accordingly, for the reasons set forth in the court's previous order, Plaintiff's § 1983 claims are dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's § 1983 claims are dismissed with prejudice for failure to state a claim upon which relief may be granted.

2. A separate judgment will be entered.

Dated this 10th day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge